IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| **In re:** ) | |
| ) | **Case No. 17-50297** |
| **MICHAEL W. DECKER** ) | **Chapter 7** |
| ) | |
| **Debtor.** ) | |

## MICHAEL W. DECKER'S ANSWERS TO
## CHAPTER 7 TRUSTEE'S FIRST INTERROGATORIES

COMES NOW the Debtor, Michael W. Decker, by counsel, and for his Answers to the First Interrogatories propounded to him by the Chapter 7 Trustee states the following:

### GENERAL OBJECTION

To the extent the Chapter 7 Trustee is seeking information that might be relevant to the complaint against discharge pursuant to 11 USC 727(a)(2)&(4), any such claim is resolved and is the subject of *res judicata* as the Trustee was a party defendant in Adversary Proceeding No. 17-05012, *Kilmer & Associates, CPA v. Michael W. W. Decker, et al* and that matter was resolved in favor of the Debtor by Order entered on April 3, 2018. Without waiving this objection, Answers have been provided hereinbelow.

1.      Identify all persons who prepared or assisted in the preparation of the answers to these interrogatories and/or who provided information, facts and/or documents used in the preparation of the answers to these interrogatories and/or who has knowledge of the facts listed in each answer to these interrogatories, and

for each person identified, state the information, facts and/or document provided by such person and the basis of that person's knowledge.

**ANSWER:** Michael W. Decker. Mr. Decker has knowledge (1) of the value of Winchester Accounting & Consulting, Inc., a subchapter S corporation in which he is the sole shareholder and only accountant; (2) that Winchester Accounting & Consulting, Inc. by employing only one CPA does not have institutional goodwill and that the valuation of such a practice from an accounting and valuation standard would be based solely on its physical assets and accounts receiveable; and (3) of the tax implications of the proposed sale of Winchester Accounting & Consulting, Inc.

2. Identify all persons whom you know or believe have knowledge or information regarding the business affairs of WAC for the period of January 1, 2017 to the present and describe each person's knowledge or information.

**ANSWER:** Objection. This Interrogatory is overly broad and unduly burdensome. Without waiving this objection, see Answer to Interrogatory No. 1 hereinabove.

3. Identify all persons whom you know or believe have knowledge or information regarding the business affairs of WALLC for the period of January 1, 2017 to the present and describe each person's knowledge or information.

**ANSWER:** Objection. In this instance, the purpose of discovery pursuant to Rule 2004 of the Bankruptcy Code is to conduct discovery regarding the value of the Debtor's bankruptcy estate. The Debtor is a certified public accountant who practiced with the S corporation known as Winchester Accounting and Consulting Inc. until August 21, 2017. Pursuant to 11 USC 541(a)(6), the Debtor's post-petition "earnings from services.....after the commencement of the case" are not part of the bankruptcy estate.

Mr. Decker has produced all requested information regarding Winchester Accounting and Consulting Inc. because the trustee is evaluating an offer to the sell capital stock of Winchester Accounting and Consulting Inc. Winchester Accounting, LLC was formed on August 21, 2017. Because post-petition income is not property of the bankruptcy estate, Mr. Decker has

2

objected to any discovery request directed principally to his post-petition income earned as an accountant, and specifically discovery directed to the business of Winchester Accounting, LLC. See Memorandum to Inform the Discretion of the Trustee dated December 7, 2017.

Without waiving this objection, see Answer to Interrogatory No. 1 hereinabove.

4. Identify all persons who were or are clients of WAC for the period of January 1, 2017 to the present and specify the nature and scope of work performed for each client by WAC and the fee arrangement for the work to be performed.

ANSWER: The identity of clients of WAC was previously disclosed in the documents produced as Decker 1408-1411. With the exception of one client, all clients are billed a fixed fee and as such no time records are kept. Accounting services range from bookkeeping, tax preparation and business consulting services depending on the nature and need of the client.

5. Identify all persons who were or are clients of WALLC for the period of January 1, 2017 to the present and specify the nature and scope of work performed for each client by WAC and the fee arrangement for the work to be performed.

ANSWER: Objection. In this instance, the purpose of discovery pursuant to Rule 2004 of the Bankruptcy Code is to conduct discovery regarding the value of the Debtor's bankruptcy estate. The Debtor is a certified public accountant who practiced with the S corporation known as Winchester Accounting and Consulting Inc. until August 21, 2017. Pursuant to 11 USC 541(a)(6), the Debtor's post-petition "earnings from services.....after the commencement of the case" are not part of the bankruptcy estate.

Mr. Decker has produced all requested information regarding Winchester Accounting and Consulting Inc. because the trustee is evaluating an offer to sell the capital stock of Winchester Accounting and Consulting Inc. Winchester Accounting, LLC was formed on August 21, 2017. Because post-

petition income is not property of the bankruptcy estate, Mr. Decker has objected to any discovery request directed principally to his post-petition income earned as an accountant, and specifically discovery directed to the business of Winchester Accounting, LLC. See Memorandum to Inform the Discretion of the Trustee dated December 7, 2017.

6. State the date on which WALLC commenced operating its business.

**ANSWER: August 21, 2017.**

7. State with specificity the assets, real and personal, tangible and intangible, that were owned by WAC on the date that WALLC commenced operating its business.

**ANSWER: See documents previously produced as Decker 1408-1411. See documents produced herewith as Decker 1965-2540.**

8. State with specificity the assets, real and personal, tangible and intangible, that WALLC owned on the date that WALLC commenced operating its business and specify which of the assets so stated were owned by WAC prior to the date that WALLC commenced operating its business.

**ANSWER: Objection. In this instance, the purpose of discovery pursuant to Rule 2004 of the Bankruptcy Code is to conduct discovery regarding the value of the Debtor's bankruptcy estate. The Debtor is a certified public accountant who practiced with the S corporation known as Winchester Accounting and Consulting Inc. until August 21, 2017. Pursuant to 11 USC 541(a)(6), the Debtor's post-petition "earnings from services.....after the commencement of the case" are not part of the bankruptcy estate.**

**Mr. Decker has produced all requested information regarding Winchester Accounting and Consulting Inc. because the trustee is evaluating an offer to sell the capital stock of Winchester Accounting and Consulting Inc. Winchester Accounting, LLC was formed on August 21, 2017. Because post-petition income is not property of the bankruptcy estate, Mr. Decker has objected to any discovery request directed principally to his post-petition income earned as an accountant, and specifically discovery directed to the**

4

business of Winchester Accounting, LLC. See Memorandum to Inform the Discretion of the Trustee dated December 7, 2017.

9. State with specificity the nature and amount of consideration, tangible and intangible, if any, that WALLC paid or otherwise conveyed to WAC in exchange for the assets of WAC.

**ANSWER: None.**

10. Describe with specificity the business activities for which the Ford F 150 truck is used for the benefit of WAC from the date of the purchase of the vehicle until the date on which WAC ceased business, which description should include the date, amount of time, amount of mileage, and the purpose of the use of the vehicle.

**ANSWER: The vehicle provides me with the ability to meet with current and prospective clients off site. The nature of the business requires me to meet with the clients at their business location as many small business owners do not have the ability to leave their office during normal business hours. Furthermore, it is more productive to meet with a client in the location their records and data are generally stored. In addition, twice a week information is hand delivered to or picked up from certain clients. Clients have grown accustomed to and expect this level of service. This service would impossible without transportation.**

**Mileage logs are not maintained but mileage can be approximated at 3,800.**

**WAC ceased providing services to clients on August 21, 2017, but continues to operate to collect receivables and to pay its obligations.**

11. Describe the means by which WALLC complied the requirements of sections 1.400.205 and 1400.210 of the AICPA Code of Professional Conduct

5

with regard to the transfer of confidential information of the clients of WAC to WALLC.

**ANSWER: Not applicable as the rule applies to a member who sells or transfers interest to a new firm and does not retain ownership in the old firm. I am still the owner of WAC and WALLC.**

12. Identify all employees of WAC during the period of January 1, 2017 to the present and for each employee, specify their job description and the date of the beginning of their employment with WAC and if any, the date of the ending of their employment with WAC.

**ANSWER: (1) Michael W. Decker, CPA – owner, certified public accountant, 01/30/2015 to 8/20/2017. (2) Brittany Young – administrative assistant, 11/01/2015 to 8/20/2017.**

13. Identify all employees of WALLC during the period of January 1, 2017 to the present and for each employee, specify their job description and the date of the beginning of their employment with WAC and if any, the date of the ending of their employment with WALLC.

**ANSWER: ANSWER: Objection. In this instance, the purpose of discovery pursuant to Rule 2004 of the Bankruptcy Code is to conduct discovery regarding the value of the Debtor's bankruptcy estate. The Debtor is a certified public accountant who practiced with the S corporation known as Winchester Accounting and Consulting Inc. until August 21, 2017. Pursuant to 11 USC 541(a)(6), the Debtor's post-petition "earnings from services.....after the commencement of the case" are not part of the bankruptcy estate.**

**Mr. Decker has produced all requested information regarding Winchester Accounting and Consulting Inc. because the trustee is evaluating an offer to sell the capital stock of Winchester Accounting and Consulting Inc. Winchester Accounting, LLC was formed on August 21, 2017. Because post-petition income is not property of the bankruptcy estate, Mr. Decker has objected to any discovery request directed principally to his post-petition income earned as an accountant, and specifically discovery directed to the**

6

business of Winchester Accounting, LLC. See Memorandum to Inform the Discretion of the Trustee dated December 7, 2017.

Without intending to waive this objection, employees of WALLC are (1) Michael W. Decker, CPA – owner, certified public accountant, 8/21/2017 to present. (2) Brittany Young – administrative assistant, 8/21/2017 to present.

14. State with specificity the exact amount in dollars of the accounts receivable of WAC on October 1, 2016, December 31, 2016, January 31, 2017, February 28, 2017 and the Petition Date and describe in detail each account and the amount owed for each period.

ANSWER: October 1: $17,907.50
December 31: $15,195.00
January 31: $16,545.00
February 28: $20,665.00
March 29: $47,055.00

See documents previously produced as Decker 1408-1411. See documents produced herewith as Decker 2540.

15. State with specificity the exact amount in dollars of the accounts receivable of WAC on the on the date that WALLC commenced operating its business and describe in detail each account and the amount owed for each period.

ANSWER: Objection. In this instance, the purpose of discovery pursuant to Rule 2004 of the Bankruptcy Code is to conduct discovery regarding the value of the Debtor's bankruptcy estate. The Debtor is a certified public accountant who practiced with the S corporation known as Winchester Accounting and Consulting Inc. until August 21, 2017. Pursuant to 11 USC 541(a)(6), the Debtor's post-petition "earnings from services.....after the commencement of the case" are not part of the bankruptcy estate.

Mr. Decker has produced all requested information regarding Winchester Accounting and Consulting Inc. because the trustee is evaluating an offer to sell the capital stock of Winchester Accounting and Consulting Inc. Winchester Accounting, LLC was formed on August 21, 2017. Because post-

7

**petition income is not property of the bankruptcy estate, Mr. Decker has objected to any discovery request directed principally to his post-petition income earned as an accountant, and specifically discovery directed to the business of Winchester Accounting, LLC. See Memorandum to Inform the Discretion of the Trustee dated December 7, 2017.**

16. State with specificity the exact amount in dollars of the work in progress of WAC on October 1, 2016, December 31, 2016, January 31, 2017, February 28, 2017 and the Petition Date and describe in detail each account and the amount of work in progress for each account for each period.

**ANSWER: None.**

17. State with specificity the exact amount in dollars of the work in progress of WAC on the on the date that WALLC commenced operating its business describe in detail each account and the amount of work in progress for each account for each period.

**ANSWER: None.**

18. State with specificity the method and means by which WAC keeps track of time expended on work to be billed on an hourly basis.

**ANSWER: Not applicable as WAC does not track time nor Bill on an hourly basis.**

19. State with specificity each software application that was used by WAC in the operation of its business.

**ANSWER: Prosystems FX, Lacerte, Bill Quick, Quickbooks, Microsoft Office 2010.**

20. State with specificity each software application that WALLC uses in the operation of its business.

8

ANSWER: Objection. In this instance, the purpose of discovery pursuant to Rule 2004 of the Bankruptcy Code is to conduct discovery regarding the value of the Debtor's bankruptcy estate. The Debtor is a certified public accountant who practiced with the S corporation known as Winchester Accounting and Consulting Inc. until August 21, 2017. Pursuant to 11 USC 541(a)(6), the Debtor's post-petition "earnings from services.....after the commencement of the case" are not part of the bankruptcy estate.

Mr. Decker has produced all requested information regarding Winchester Accounting and Consulting Inc. because the trustee is evaluating an offer to sell the capital stock of Winchester Accounting and Consulting Inc. Winchester Accounting, LLC was formed on August 21, 2017. Because post-petition income is not property of the bankruptcy estate, Mr. Decker has objected to any discovery request directed principally to his post-petition income earned as an accountant, and specifically discovery directed to the business of Winchester Accounting, LLC. See Memorandum to Inform the Discretion of the Trustee dated December 7, 2017.

Without intending to waive this objection, WALLC uses Prosystems FX, Lacerte, Bill Quick, Quickbooks, Microsoft Office 2010.

                                        MICHAEL W. DECKER
                                        By Counsel


_____
James P. Campbell, Esq. (VSB #25097)
*Campbell Flannery, P.C.*
1602 Village Market Blvd. Suite 225
Leesburg, Virginia 20175
(703) 771-8344/Telephone
(703) 777-1485/Facsimile
*Counsel for the Debtor, Michael W. Decker*

9

## CERTIFICATE OF SERVICE

I hereby certify that service of a true copy of the foregoing has been made as follows:

Type of Service:            Electronic Mail and First-Class, U.S. Mail

Date of Service:            October 29, 2018

Persons served and address:   W. Stephen Scott, Esq.
                              Post Office Box 1312
                              Charlottesville VA 22902

                              William E. Callahan, Jr.
                              LECLAIRRYAN, PLLC
                              1800 Wells Fargo Tower, Drawer 1200
                              Roanoke, Virginia 24006

Item Served:                Michael W. Decker's Answers to Chapter 7 Trustee's
                            First Interrogatories

                                            _____
                                            James P. Campbell

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| In re: ) | |
| ) | Case No. 17-50297 |
| **MICHAEL W. DECKER** ) | Chapter 7 |
| ) | |
| Debtor. ) | |

## CERTIFICATION

To the best of my knowledge, information and belief, the foregoing Answers to First Interrogatories are true and accurate.

_____
Michael W. Decker

STATE OF VIRGINIA
COUNTY OF LOUDOUN, to wit:

The foregoing instrument was sworn to and affirmed before me this 29th day of October, 2018 by Michael W. Decker who is personally known to me.

_____
Notary Public

SUZANNE LEIGH POWELL
NOTARY PUBLIC
REG # 195683
COMMONWEALTH OF VIRGINIA
MY COMMISSION EXPIRES 2/28/2022