IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| **In re:** ) | |
| ) | Case No. 17-50297 |
| **MICHAEL W. DECKER** ) | Chapter 7 |
| ) | |
| **Debtor.** ) | |

### MICHAEL W. DECKER'S RESPONSES TO CHAPTER 7 TRUSTEE'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS

COMES NOW the Debtor, Michael W. Decker, by counsel, and for his Responses to the First Requests for Production of Documents propounded to him by the Chapter 7 Trustee states the following:

### GENERAL OBJECTION

To the extent the Chapter 7 Trustee is seeking information that might be relevant to the complaint against discharge pursuant to 11 USC 727(a)(2)&(4), any such claim is resolved and is the subject of *res judicata* as the Trustee was a party defendant in Adversary Proceeding No. 17-05012, *Kilmer & Associates, CPA v. Michael W. W. Decker, et al* and that matter was resolved in favor of the Debtor by Order entered on April 3, 2018. Without waiving this objection, Responses have been provided hereinbelow.

1. All documents identified in your responses to the Interrogatories.

**RESPONSE:** See documents previously produced as Decker 0001-1964. See documents produced herewith as Decker 1965-2540. See Memorandum to Inform the Discretion of the Trustee dated December 7, 2017.

2. All documents upon which you relied in any way in responding to the Interrogatories.

**RESPONSE: See documents previously produced as Decker 0001-1964. See documents produced herewith as Decker 1965-2540. See Memorandum to Inform the Discretion of the Trustee dated December 7, 2017.**

3. All documents related to WAC's purchase of the Ford 150 Truck.

**RESPONSE: See documents previously produced as Decker 1428-1432. See documents produced herewith as Decker 1965-1976.**

4. WAC's federal and Virginia income tax returns for tax year 2017 and any amendments to the WAC federal and Virginia income tax returns for tax years 2016 and 2017.

**RESPONSE: See documents produced herewith as Decker 1977-2015.**

5. WALLC's federal and Virginia income tax returns for 2017 and any amendments thereto.

**RESPONSE: Objection. In this instance, the purpose of discovery pursuant to Rule 2004 of the Bankruptcy Code is to conduct discovery regarding the value of the Debtor's bankruptcy estate. The Debtor is a certified public accountant who practiced with the S corporation known as Winchester Accounting and Consulting Inc. until August 21, 2017. Pursuant to 11 USC 541(a)(6), the Debtor's post-petition "earnings from services.....after the commencement of the case" are not part of the bankruptcy estate.**

**Mr. Decker has produced all requested information regarding Winchester Accounting and Consulting Inc. because the trustee is evaluating an offer to sell the capital stock of Winchester Accounting and Consulting Inc. Winchester Accounting, LLC was formed on August 21, 2017. Because post-petition income is not property of the bankruptcy estate, Mr. Decker has**

objected to any discovery request directed principally to his post-petition income earned as an accountant, and specifically discovery directed to the business of Winchester Accounting, LLC. See Memorandum to Inform the Discretion of the Trustee dated December 7, 2017.

6. The Debtor's 2017 and 2017 federal and Virginia tax income returns and any amendments thereto.

RESPONSE: Mr. Decker's 2016 Federal and State income tax returns were previously produced as Decker 0127-0145. Mr. Decker objects to the production of his 2017 tax returns as in this instance, the purpose of discovery pursuant to Rule 2004 of the Bankruptcy Code is to conduct discovery regarding the value of the Debtor's bankruptcy estate. The Debtor is a certified public accountant who practiced with the S corporation known as Winchester Accounting and Consulting Inc. until August 21, 2017. Pursuant to 11 USC 541(a)(6), the Debtor's post-petition "earnings from services.....after the commencement of the case" are not part of the bankruptcy estate.

Mr. Decker has produced all requested information regarding Winchester Accounting and Consulting Inc. because the trustee is evaluating an offer to sell the capital stock of Winchester Accounting and Consulting Inc. Winchester Accounting, LLC was formed on August 21, 2017. Because post-petition income is not property of the bankruptcy estate, Mr. Decker has objected to any discovery request directed principally to his post-petition income earned as an accountant, and specifically discovery directed to the business of Winchester Accounting, LLC. See Memorandum to Inform the Discretion of the Trustee dated December 7, 2017.

7. The monthly statements with cancelled checks for each bank account in the name of the Debtor for the months of April 2017 to and including August 2018.

RESPONSE: Objection. In this instance, the purpose of discovery pursuant to Rule 2004 of the Bankruptcy Code is to conduct discovery regarding the value of the Debtor's bankruptcy estate. The Debtor is a certified public accountant who practiced with the S corporation known as Winchester Accounting and Consulting Inc. until August 21, 2017. Pursuant to 11 USC 541(a)(6), the Debtor's post-petition "earnings from

3

services.....after the commencement of the case" are not part of the bankruptcy estate.

Mr. Decker has produced all requested information regarding Winchester Accounting and Consulting Inc. because the trustee is evaluating an offer to sell the capital stock of Winchester Accounting and Consulting Inc. Winchester Accounting, LLC was formed on August 21, 2017. Because post-petition income is not property of the bankruptcy estate, Mr. Decker has objected to any discovery request directed principally to his post-petition income earned as an accountant, and specifically discovery directed to the business of Winchester Accounting, LLC. See Memorandum to Inform the Discretion of the Trustee dated December 7, 2017.

8. The monthly statements with cancelled checks for each bank account in the name of WAC for the months of September 2017 through December 2017.

**RESPONSE: See documents produced herewith as Decker 2016-2033.**

9. The monthly statements with cancelled checks for each bank account in the name of WALLC for the months of August 2017 through August 2018.

**RESPONSE: Objection. In this instance, the purpose of discovery pursuant to Rule 2004 of the Bankruptcy Code is to conduct discovery regarding the value of the Debtor's bankruptcy estate. The Debtor is a certified public accountant who practiced with the S corporation known as Winchester Accounting and Consulting Inc. until August 21, 2017. Pursuant to 11 USC 541(a)(6), the Debtor's post-petition "earnings from services.....after the commencement of the case" are not part of the bankruptcy estate.**

**Mr. Decker has produced all requested information regarding Winchester Accounting and Consulting Inc. because the trustee is evaluating an offer to sell the capital stock of Winchester Accounting and Consulting Inc. Winchester Accounting, LLC was formed on August 21, 2017. Because post-petition income is not property of the bankruptcy estate, Mr. Decker has objected to any discovery request directed principally to his post-petition income earned as an accountant, and specifically discovery directed to the business of Winchester Accounting, LLC. See Memorandum to Inform the Discretion of the Trustee dated December 7, 2017.**

4

10. The following financial reports of WAC, using the basis of accounting used by WAC for tax filings for the months of January 2016 through December 2017: (a) a profit and loss statement, (b) a balance sheet, (c) a detailed general ledger, (d) an audit trail produced through Quickbooks, (e) a monthly payroll summary reports, (f) a case receipts detail, showing at a minimum for each receipt, the invoice number, the invoice date, the payment date, and the amount received, (g) a monthly "Invoice List by Date with Goss/Net Bill Amount" report, showing at a minimum for each entry, the invoice number and date and the gross and net billed, (h) a "Billing Summary by Month" report, (i) a Utilization by Department report, and (j) an "Aging as of 90 Days" report (the reports requested in (f) through (k) are to be produced through the BillQuick software).

**RESPONSE: See documents produced herewith as Decker 2034-2307.**

11. The following financial reports of WAC, using the basis of accounting used by WAC for tax filings for the months of August 2016 through August 2018: (a) a profit and loss statement, (b) a balance sheet, (c) a detailed general ledger, (d) an audit trail produced through Quickbooks, (e) a monthly payroll summary report, (f) a case receipts detail, showing at a minimum for each receipt, the invoice number, the invoice date, the payment date, and the amount received, (g) a monthly "Invoice List by Date with Goss/Net Bill Amount" report, showing at a minimum for each entry, the invoice number and date and the gross and net billed, (h) a "Billing Summary by Month" report, (i) a Utilization by

5

Department report, (j) an "Aging as of 90 Days" report and (k) an "Hours Breakdown by Employee" report (the reports requested in (f) through (k) are to be produced through the BillQuick software.)

**RESPONSE: See documents produced herewith as Decker 2308-2536.**

12. The following Financial reports of WALLC, using the basis of accounting used by WALLC for tax filings for the months of August 2017 through August 2018: (a) a profit and loss statement, (b) a balance sheet, (c) a detailed general ledger, (d) an audit trial produced through Quickbooks, (e) a monthly payroll summary report, (f) a case receipts detail, showing at a minimum for each receipt, the invoice number, the invoice date, the payment date, and the amount received, (g) a monthly "Invoice List by Date with Gross/Net Bill Amount" report, showing at a minimum for reach entry, the invoice number and date and the gross and net billed, (h) a "Billing Summary by Month" report, (i) a Utilization by Department report, (j) an "Aging as of 90 Days" report and (k) an "Hours Breakdown by Employee" report (the reports requested in (f) through (k) are to be produced through BillQuick software).

**RESPONSE: Objection. In this instance, the purpose of discovery pursuant to Rule 2004 of the Bankruptcy Code is to conduct discovery regarding the value of the Debtor's bankruptcy estate. The Debtor is a certified public accountant who practiced with the S corporation known as Winchester Accounting and Consulting Inc. until August 21, 2017. Pursuant to 11 USC 541(a)(6), the Debtor's post-petition "earnings from services.....after the commencement of the case" are not part of the bankruptcy estate.**

6

**Mr. Decker has produced all requested information regarding Winchester Accounting and Consulting Inc. because the trustee is evaluating an offer to sell the capital stock of Winchester Accounting and Consulting Inc. Winchester Accounting, LLC was formed on August 21, 2017. Because post-petition income is not property of the bankruptcy estate, Mr. Decker has objected to any discovery request directed principally to his post-petition income earned as an accountant, and specifically discovery directed to the business of Winchester Accounting, LLC. See Memorandum to Inform the Discretion of the Trustee dated December 7, 2017.**

13. A detailed list of the assets, accounts receivables and of the accounts payables/debts of WAC, including the value of each asset, on the Petition Date.

**RESPONSE: See documents produced herewith as Decker 1965-2540.**

14. A detailed list of the assets, accounts receivable and accounts payables/debts of WAC, including the value of each asset, on the date WALLC commenced conducting business.

**RESPONSE: See documents produced herewith as Decker 1965-2540.**

15. A detailed list of the work in progress of WAC on the Petition Date.

**RESPONSE: None.**

16. A detailed list of the work in progress of WAC on the date WALLC commenced conducting business.

**RESPONSE: None.**

17. All current and expired leases for the office space located at 207 N. Cameron Street, Winchester, Virginia.

7

**RESPONSE:** See documents previously produced as Decker 1412-1427.

18. The WAC 2017 depreciation schedule for its assets.

**RESPONSE: See documents produced herewith as Decker 2537-2538.**

19. The WALLC 2017 depreciation schedule for its assets.

**RESPONSE: Objection. In this instance, the purpose of discovery pursuant to Rule 2004 of the Bankruptcy Code is to conduct discovery regarding the value of the Debtor's bankruptcy estate. The Debtor is a certified public accountant who practiced with the S corporation known as Winchester Accounting and Consulting Inc. until August 21, 2017. Pursuant to 11 USC 541(a)(6), the Debtor's post-petition "earnings from services.....after the commencement of the case" are not part of the bankruptcy estate.**

**Mr. Decker has produced all requested information regarding Winchester Accounting and Consulting Inc. because the trustee is evaluating an offer to sell the capital stock of Winchester Accounting and Consulting Inc. Winchester Accounting, LLC was formed on August 21, 2017. Because post-petition income is not property of the bankruptcy estate, Mr. Decker has objected to any discovery request directed principally to his post-petition income earned as an accountant, and specifically discovery directed to the business of Winchester Accounting, LLC. See Memorandum to Inform the Discretion of the Trustee dated December 7, 2017.**

20. A backup copy of WAC's Quickbooks and BillQuick files with login and password.

**RESPONSE: Objection. This software contains confidential and proprietary information and will not be produced absent a court order.**

21. A backup copy of WALLC's Quickbooks and BillQuick files with login and password.

**RESPONSE: Objection. In this instance, the purpose of discovery pursuant to Rule 2004 of the Bankruptcy Code is to conduct discovery regarding the value of the Debtor's bankruptcy estate. The Debtor is a**

8

certified public accountant who practiced with the S corporation known as Winchester Accounting and Consulting Inc. until August 21, 2017. Pursuant to 11 USC 541(a)(6), the Debtor's post-petition "earnings from services.....after the commencement of the case" are not part of the bankruptcy estate.

Mr. Decker has produced all requested information regarding Winchester Accounting and Consulting Inc. because the trustee is evaluating an offer to sell the capital stock of Winchester Accounting and Consulting Inc. Winchester Accounting, LLC was formed on August 21, 2017. Because post-petition income is not property of the bankruptcy estate, Mr. Decker has objected to any discovery request directed principally to his post-petition income earned as an accountant, and specifically discovery directed to the business of Winchester Accounting, LLC. See Memorandum to Inform the Discretion of the Trustee dated December 7, 2017.

22. All WAC and WALLC credit card monthly statements the period January 2016 through August 31, 2018.

RESPONSE: Mr. Decker objects to producing credit card statements for WALLC as in this instance, the purpose of discovery pursuant to Rule 2004 of the Bankruptcy Code is to conduct discovery regarding the value of the Debtor's bankruptcy estate. The Debtor is a certified public accountant who practiced with the S corporation known as Winchester Accounting and Consulting Inc. until August 21, 2017. Pursuant to 11 USC 541(a)(6), the Debtor's post-petition "earnings from services.....after the commencement of the case" are not part of the bankruptcy estate.

Mr. Decker has produced all requested information regarding Winchester Accounting and Consulting Inc. because the trustee is evaluating an offer to sell the capital stock of Winchester Accounting and Consulting Inc. Winchester Accounting, LLC was formed on August 21, 2017. Because post-petition income is not property of the bankruptcy estate, Mr. Decker has objected to any discovery request directed principally to his post-petition income earned as an accountant, and specifically discovery directed to the business of Winchester Accounting, LLC. See Memorandum to Inform the Discretion of the Trustee dated December 7, 2017.

Without waiving this objection, there are no documents responsive to this Request.

9

23. The monthly statements for the Edward D. Jones Simple IRA Account ending in 374-1-3 for the period of January 1, 2016 through August 31, 2018.

**RESPONSE: See documents previously produced as Decker 0640-0647, 0662-0667, 0684-0688 and 0695-0700.**

**Mr. Decker objects to producing post-petition monthly statements as in this instance, the purpose of discovery pursuant to Rule 2004 of the Bankruptcy Code is to conduct discovery regarding the value of the Debtor's bankruptcy estate. The Debtor is a certified public accountant who practiced with the S corporation known as Winchester Accounting and Consulting Inc. until August 21, 2017. Pursuant to 11 USC 541(a)(6), the Debtor's post-petition "earnings from services.....after the commencement of the case" are not part of the bankruptcy estate.**

**Mr. Decker has produced all requested information regarding Winchester Accounting and Consulting Inc. because the trustee is evaluating an offer to sell the capital stock of Winchester Accounting and Consulting Inc. Winchester Accounting, LLC was formed on August 21, 2017. Because post-petition income is not property of the bankruptcy estate, Mr. Decker has objected to any discovery request directed principally to his post-petition income earned as an accountant, and specifically discovery directed to the business of Winchester Accounting, LLC. See Memorandum to Inform the Discretion of the Trustee dated December 7, 2017.**

                                                                    MICHAEL W. DECKER
                                                                    By Counsel

*/s/ James P. Campbell*

James P. Campbell, Esq. (VSB #25097)
*Campbell Flannery, P.C.*
1602 Village Market Blvd. Suite 225
Leesburg, Virginia  20175
(703) 771-8344/Telephone
(703) 777-1485/Facsimile
*Counsel for the Debtor, Michael W. Decker*

## CERTIFICATE OF SERVICE

    I hereby certify that service of a true copy of the foregoing has been made as follows:

| | |
|---|---|
| Type of Service: | Electronic Mail and First-Class, U.S. Mail |
| Date of Service: | October 29, 2018 |
| Persons served and address: | W. Stephen Scott, Esq.<br>Post Office Box 1312<br>Charlottesville VA 22902<br><br>William E. Callahan, Jr.<br>LECLAIRRYAN, PLLC<br>1800 Wells Fargo Tower, Drawer 1200<br>Roanoke, Virginia 24006 |
| Item Served: | Michael W. Decker's Responses to Chapter 7 Trustee's First Requests for Production of Documents |

_/s/ James P. Campbell_
James P. Campbell