UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF VIRGINIA
Harrisonburg Division

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| MICHAEL W. DECKER, | ) | Case No. **17-50297** |
| | ) | |
| Debtor. | ) | |

## TRUSTEE'S SECOND APPLICATION FOR APPOINTMENT OF ATTORNEY

W. Stephen Scott, (the "Trustee"), trustee of the estate of this case, for his Second Application for Appointment of Attorney, states as follows:

1. The debtor filed a petition under Chapter 7, Title 11, United States Code, in this Court on March 30, 2017, commencing the captioned case.

2. The Trustee has been duly appointed or elected as trustee of this case.

3. The Trustee requests appointment of Gentry Locke Rakes & Moore, LLP (the "proposed professional", who is experienced in the matters for which employment is sought and is qualified to represent the Trustee as attorney for the Trustee to assist him in the performance of his duties as trustee, as follows:

    a. legal research, review of relevant legal documents, preparation of pleadings, review of responsive pleadings, appearances in court, preparation of orders, preparation of discovery requests and responses, negotiation of legal issues, and other activities related to the filing, prosecution or defense of:

        i. adversary proceedings and non-bankruptcy litigation to avoid transfers and to recover money or property of the estate or in which the estate has an interest;

        ii. motions to approve compromises and settlements of litigation and other disputes; and

        iii. appeals of adverse judgments.

    b. such other legal services that may be required to assist the Trustee in the performance of his duties in the case.

4. The standard hourly billing rates for bankruptcy matters for the proposed professional are $300.00 to $450.00 for partners and $125.00 for paraprofessionals, plus reimbursement of all necessary out-of-pocket expenses at cost.

1

5.      The fees and expenses to be incurred in the performance of the matters for which employment is sought are not readily discernable. However, to the best of the Trustee's present knowledge, the fees and expenses to perform the services for which the appointment is sought are reasonably estimated at $30,000.00 and $4,000.00, respectively. No fees or expenses will be paid to the proposed professional unless any such fees and expenses are approved by the Court. The Trustee has advised the propose professional of the potential limitations of compensation pursuant to 11 U.S.C. § 328.

6.      To the best of the Trustee's knowledge, the services to be provided are necessary and should result in a recovery for the benefit of unsecured creditors in an amount believed to be sufficient to provide a meaningful distribution to the unsecured creditors and provide other benefits to the estate.

7.      The Trustee has made the following efforts to resolve this matter and to obtain competent services at a reasonable rate: The Trustee has made efforts to seek mediation of outstanding issues and has also considered what services might otherwise be required for the proper administration of the estate and believes that the proposed professional (who now employs the attorney previously providing representation to the Trustee in this case) is best suited to assist the Trustee in the completion of his duties.

8.      It is in the best interests of the estate to employ the proposed professional because the attorney who will perform the services to the Trustee has been representing the Trustee in this case and has significant experience representing trustees in matters relevant to this case and is already knowledgeable of the relevant facts related to the work to be performed.

9.      The Trustee has read the proposed professional's verified statement and to the best of the Trustee's knowledge all of the connections of the proposed professional with the debtor, creditors, any other parties in interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the office of the United States Trustee are set forth, as follows: William E. Callahan, Jr., the attorney who will serve as the primary attorney in this case is a member of the Panel of Chapter 7 Trustees for the Western District of Virginia.

WHEREFORE, W. Stephen Scott, Trustee, respectfully requests that the Court approve the proposed employment and authorize the Trustee to employ the proposed professional, with compensation and expenses to be paid as an administrative expenses in such amounts as the Court may hereafter determine and allow, and grant such other relief as may be just.

                                                /s/ W. Stephen Scott, Trustee
                                                W. Stephen Scott, Trustee

## VERIFIED STATEMENT OF PROPOSED PROFESSIONAL

1. I am an attorney authorized to practice my profession under the laws of the Commonwealth of Virginia. I am an attorney and a partner with the firm of Gentry Locke Rakes & Moore, LLP (the "Firm").

2. The Trustee has asked that the firm perform the professional services set forth in the Trustee's Application for Employment on behalf of the estate. I am experienced and qualified in the matters for which the Firm is to be employed.

3. Neither I nor the Firm by which I am employed: (a) is a creditor, an equity holder, or an insider of the debtor; (b) is an investment banker for any outstanding security of the debtor; (c) is or has been within three years before the filing of the petition in this case, an investment banker for any securities of the debtor; (d) is or has been within the two years before the filing of the petition in this case, a director, officer or employee of the debtor, or an investment banker specified in subparagraph b or c herein, or (e) has any interest materially adverse to the interest of the estate or any class of creditors or equity security holders by reason of any direct or indirect relationship to, connection with, or interest in the debtor or an investment banker specified in subparagraphs b or c herein, or for any reason.

4. To the best of my knowledge, neither I nor the Firm holds or represents any interest adverse to the interest of the estate. Neither I nor the Firm has any connection with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States Trustee, except as set forth as follows: William E. Callahan, Jr., the attorney who will serve as the primary attorney in this case is a member of the Panel of Chapter 7 Trustees for the Western District of Virginia.

5. Neither I nor the Firm has shared or agreed to share and will not share or agree to share any compensation paid to it in this case with any other person, except as provided by Bankruptcy Rule 2016. Neither I nor the Firm has received a retainer in the case.

6. The fees and hourly rate charged by the Firm are set forth in the Application. I understand that I must keep detained records of time and expenses incurred in the performance of duties in this case. Further, I am aware of the potential compensation limitations set forth in in 11 U.S.C. § 328

DECLARED under penalty of perjury on September 11, 2019.

/s/ William E. Callahan, Jr.
William E. Callahan, Jr.

3